UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JORDAN WAYNE FISHER,  Plaintiff,  v.  KEVIN SHADE,  Defendant. | CAUSE NO. 3:20-CV-938-RLM-MGG |

OPINION AND ORDER

Jordan Wayne Fisher, a prisoner without a lawyer, is proceeding in this case "against Sergeant Shade in his individual capacity for compensatory and punitive damages for shooting him in the arm on July 27, 2020, in violation of the Eighth Amendment[.]" ECF 8 at 2. Sgt. Shade filed a motion for summary judgment, arguing Mr. Fisher didn't exhaust his administrative remedies before filing this lawsuit.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion can't simply rely on allegations or

denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners can't bring an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015).

The courts have taken a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th Cir. 2002). A prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. Woodford v. Ngo, 548 U.S. 81, 102 (2006). The availability of a remedy isn't a matter of what appears "on paper," but rather whether the process was actually available for the prisoner to pursue. Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not

2

respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." Dole v. Chandler, 438 F.3d at 809.

Sgt. Shade argues Mr. Fisher didn't exhaust his administrative remedies before filing this lawsuit because he has never successfully filed any formal grievances at Miami Correctional Facility. Sgt. Shade offers an affidavit from MCF's Grievance Specialist, who attests Mr. Fisher "did not successfully submit any grievances regarding the incident alleged in his Complaint." ECF 20-1 at 6. Sgt. Shade also submits Mr. Fisher's grievance history, which indicates he has never submitted any formal grievance accepted by MCF's Grievance Office. ECF 20-3.

Mr. Fisher concedes he was unable to complete the grievance process before filing this lawsuit. ECF 30. Instead, he argues that the COVID-19 pandemic and a resulting change in MCF's grievance procedures hindered him from completing the grievance process. Mr. Fisher says he submitted an informal grievance within 10 business days of the incident, but was then unaware that under the new grievance process, informal grievances no longer were mandatory. He argues that he didn't receive any notification of the change in the grievance procedure, and couldn't view the updated grievance procedure because the law library was closed due to the COVID-19 pandemic. Instead, he says he relied on his counselor's instructions to submit an informal grievance, wait 10 business days for a response, and then submit a formal grievance.

MCF's grievance policy changed as of April 1, 2020, and so was in effect when Mr. Fisher was injured on July 27, 2020. ECF 21 at 2. The new policy eliminated the

earlier requirement that an offender attempt to resolve his grievance informally before filing a formal grievance, though such attempts are still permitted and encouraged. ECF 31 at 3. MCF's Grievance Specialist denies that the COVID-19 pandemic prompted this change. ECF 31-1 at 3. The Grievance Specialist also attests that grievance forms and law library materials were made available to Mr. Fisher even while the law library was periodically closed due to the COVID-19 pandemic, but Mr. Fisher never completed any step of the grievance process regarding the incident alleged in his complaint. *Id.*

Even accepting as true that MCF changed its grievance procedures to no longer require informal grievances, Mr. Fisher hasn't explained how this hindered his access to the grievance process. He hasn't alleged that he ever tried to submit a formal grievance, which both the old and new policy require, or that he was ever prevented from doing so. That Mr. Fisher erroneously believed he had to informally grieve his complaint before filing a formal grievance doesn't explain why he didn't try to submit a formal grievance at any point before filing this lawsuit. Sgt. Shade has shown Mr. Fisher didn't exhaust his administrative remedies, and Mr. Fisher provides no evidence the grievance process was unavailable to him.

For these reasons, the court:

(1) GRANTS Sgt. Shade's summary judgment motion (ECF 20); and

(2) DIRECTS the clerk to enter judgment in favor of Sgt. Shade and against Jordan Wayne Fisher and to close this case.

4

SO ORDERED on January 13, 2022

                                              s/ Robert L. Miller, Jr.
                                              JUDGE
                                              UNITED STATES DISTRICT COURT